UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN ADAME ALBORAN,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, FCI MENDOTA,<br><br>Respondent. | Case No. 1:22-cv-01225-HBK (HC)<br><br>ORDER TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION[1]<br><br>(Doc. No. 1)<br><br>FOURTEEN-DAY OBJECTION PERIOD |

## I. BACKGROUND

Petitioner Juan Adame Alboran, a federal prisoner, initiated this action by filing a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 on September 26, 2022. (Doc. No. 1, "Petition"). On October 26, 2022, the Court conducted a preliminary review of the Petition and determined that Petitioner failed to state a claim. (Doc. No. 6). First, the Court noted that the Petition was not on the approved form and did not otherwise follow the form appended to the habeas rules. RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURT, Rule 2(d).[2]  Further, the Petition did not identify the date or nature of

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

[2] Pursuant to Rule 1(b), the Court may apply this Rule, as well as the any of the other rules to habeas petitions filed under § 2241.

Petitioner's conviction.  (*See* Doc. No. 6, noting only that Petitioner alleged he was actually innocent of § 1326(a) as found by the United States District Court in the Southern District of Texas).  Finally, the Petition did not identify if he previously sought any relief either in his court of conviction or court of custody so that the Court could determine whether it had jurisdiction, *inter alia*.  The Court afforded Petitioner an opportunity to file an amended petition within thirty days.  Over thirty days have passed, and Petitioner did not file an amended petition.  The Court duly warned Petitioner that if he failed to file an amended petition, the undersigned would recommend that the Petition be dismissed for the above reasons and/or for his failure to prosecute this action.  Therefore, the undersigned recommends the district court dismiss this action without prejudice.

## II. APPPLICABLE LAW

Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with other Rules or with a court order.  *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted).  Local Rule 110 similarly permits the court to impose sanctions on a party who fails to comply with the court's Rules or any order of the court.

Before dismissing an action under Fed. R. Civ. P. 41, the court *must* consider: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage a docket; (3) the risk of prejudice to defendant; (4) public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions.  *See Applied Underwriters*, 913 F.3d at 889  (noting that these five factors "must" be analyzed before a Rule 41 involuntarily dismissal) (emphasis added); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (reviewing five factors and independently reviewing the record because district court did not make finding as to each); *but see Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000) (listing the same, but noting the court *need not* make explicit findings as to each) (emphasis added); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming dismissal of *pro se* § 1983 action when plaintiff did not amend caption to remove "et al" as the court directed and reiterating that an explicit finding of each factor is not required by the district court).

### III. ANALYSIS

The undersigned considers the above-stated factors and concludes the majority of the above factors favor dismissal in this case. The expeditious resolution of litigation is deemed to be in the public interest. *Yourish v. California Amplifier*, 191 F.2d 983, 990-91 (9th Cir. 1999). Turning to the second factor, the court's need to efficiently manage its docket cannot be overstated. This court has "one of the heaviest caseloads in the nation," and due to the delay in filling judicial vacancies, which was further exacerbated by the Covid-19 pandemic, it operates under a declared judicial emergency. *See* Amended Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California. The court's time is better spent on its other matters than needlessly consumed managing a case with a recalcitrant litigant. Indeed, "trial courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our courts." *Pagtalunan v. Galaza*, 291 F.3d 639, 644 (9th Cir. 2002) (Trott, J., concurring in affirmance of district court's involuntary dismissal with prejudice of habeas petition where petitioner failed to timely respond to court order and noting "the weight of the docket-managing factor depends upon the size and load of the docket, and those in the best position to know what that is are our beleaguered trial judges."). Delays inevitably have the inherent risk that evidence will become stale or witnesses' memories will fade or be unavailable and can prejudice a respondent. *See Sibron v. New York*, 392 U.S. 40, 57 (1968).

As to the fourth factor, a preference to rule on the merits usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). Here, upon review, the Petition is deficient. As noted in the Court's previous Order, the Petition states no facts concerning Petitioner's conviction, the sentence he received, when he expects to be released, or any previous relief he has sought. (*See* Doc. No. 6 at 3). Thus, Petitioner has not presented a matter on the merits for the Court to consider. Additionally, the instant dismissal is a dismissal *without* prejudice, which is a lesser sanction than a dismissal with prejudice. And finally, a court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "consideration of alternative" requirement. *See Ferdik*, 963 F.2d at 1262. The Court's previous Order expressly warned Petitioner that if he failed to respond, the

undersigned would recommend the district court dismiss the Petition.  (Doc. No. 6 at 3, ¶4).  Thus, Petitioner had adequate warning that dismissal would result from his noncompliance with the Court's order.

After considering the factors set forth *supra* and binding case law, the undersigned recommends dismissal, without prejudice, under Fed. R. Civ. P. 41 and Local Rule 110.

Accordingly, it is **ORDERED**:

The Clerk of Court is directed to assign a district judge to this case.

It is further **RECOMMENDED**:

1. This case be dismissed without prejudice for failure to prosecute.

2. The Clerk of Court be directed to terminate any pending motions/deadlines and close this case.

**NOTICE TO PARTIES**

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:     December 7, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE